NR:GKS/DKK

**17M124**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**TO BE FILED UNDER SEAL**

- - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

FERNANDO MARTE,

          Defendant.

**AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN ARREST WARRANT**

(21 U.S.C. § 963)

- - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

      CLYDE PARSONS, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, duly appointed according to law and acting as such.

      On or about February 7, 2017, within the Eastern District of New York and elsewhere, the defendant FERNANDO MARTE, together with others, did conspire to import into the United States from a place outside thereof a substance containing 5 kilograms or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 952(a).

      (Title 21, United States Code, Section 963).

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1. On or about February 7, 2017, law enforcement agents arrested VICTOR GONZALEZ and PATRICIA SUAREZ for conspiracy to import cocaine into the United States from a place outside thereof, in violation of 21 U.S.C. § 963. GONZALEZ and SUAREZ were arraigned before the Honorable James Orenstein, United States Magistrate Judge, on February 7, 2017.

2. GONZALEZ and SUAREZ arrived together at John F. Kennedy International Airport in Queens, New York ("JFK Airport") aboard a flight from Santo Domingo, Dominican Republic. Each exited the plane holding one carry-on Samsonite suitcase. Video surveillance footage from JFK Airport shows GONZALEZ and SUAREZ proceeding to the primary inspection point in Terminal 4.

3. The defendant FERNANDO MARTE, a uniformed Customs and Border Protection ("CBP") Officer, met GONZALEZ and SUAREZ at the primary inspection point. The video surveillance footage shows MARTE greeting SUAREZ with a kiss on the cheek and GONZALEZ with a handshake.

4. The surveillance footage then shows the defendant FERNANDO MARTE escorting GONZALEZ and SUAREZ to the baggage claim area, where GONZALEZ obtained a luggage cart. The footage further appears to show MARTE engaged in conversation with GONZALEZ and SUAREZ. After GONZALEZ obtained a luggage cart, he loaded both of the carry-on bags onto the cart in MARTE's presence. GONZALEZ and SUAREZ then followed MARTE to a baggage carousel, where they appear to have engaged in further conversation. After a few moments, MARTE began to walk along the baggage carousel and gestured with his hand. SUAREZ then walked with MARTE toward the exit of the baggage claim area. GONZALEZ remained next to the baggage carousel.

5. The defendant FERNANDO MARTE and SUAREZ then approached the secondary inspection point, which is at the exit from the baggage claim area. MARTE spoke to the CBP Officers at the secondary inspection point and facilitated SUAREZ's passage through the secondary inspection point. SUAREZ was not stopped, searched, or otherwise interviewed. SUAREZ then proceeded through the exit doors immediately past the secondary inspection point.

6. Soon thereafter, GONZALEZ, who was still near the baggage carousel, was approached by CBP officers for a baggage examination. He did not present any bags for examination. CBP Officers determined that SUAREZ was GONZALEZ's traveling companion. CBP Officers then left the baggage claim area and discovered SUAREZ outside that area, still in possession of both of the aforementioned suitcases.

7. SUAREZ was escorted by CBP Officers back to the inspection area where CBP officers conducted an examination of the two Samsonite bags in SUAREZ's possession. During the examination, CBP officers observed that each Samsonite suitcase contained only brick-shaped packages that were wrapped in duct tape. A package from each suitcase was probed, and each revealed a white, powdery substance that field-tested positive for cocaine.

8. Approximately 45 bricks, containing approximately 45 kilograms of cocaine, were recovered from the suitcases that GONZALEZ and SUAREZ were transporting.

9. The defendant FERNANDO MARTE has previously used his official position to assist a drug courier in circumventing CBP inspection at JFK Airport. An individual ("CC-1") has informed the government that, in early 2016, CC-1 agreed to carry a

4

bag carrying cocaine from the Dominican Republic to the United States through JFK Airport.[2] CC-1 further told the government that he/she was told, in sum and substance, that he/she would be met at JFK Airport by a CBP officer who would recognize him/her. CC-1 also told the government that, when he/she arrived at Terminal 4 of JFK Airport with cocaine in a suitcase in early 2016, he/she was in fact met by a CBP officer whose name was "Martes." CC-1 further stated that the CBP officer who met CC-1 also escorted CC-1 through inspection at JFK Airport, made entries into a computer, and then escorted CC-1 out of the inspection area. CC-1 provided a description of that CBP officer that is consistent with the description of the defendant MARTE, and no other individual with the surname "Marte" or "Martes" works for CBP at JFK Airport. Records maintained by CBP show that the defendant MARTE in fact made entries to the records related to CC-1's arrival at JFK Airport in early 2016 discussed above.

      WHEREFORE, your deponent respectfully requests that the defendant FERNANDO MARTE be dealt with according to law.

      Your deponent further requests that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet. Therefore, premature disclosure of the contents of this affidavit and related documents will

---

[2] CC-1 was arrested later in 2016 on an unrelated felony narcotics charge. CC-1 has provided information to the government in the hopes of receiving a more lenient sentence.

seriously jeopardize the investigation, including by giving the target an opportunity to flee, destroy or tamper with evidence and change patterns of behavior.

_____
CLYDE PARSONS
Special Agent
United States Department of Homeland Security

Sworn to before me this
8th day of February, 2017

_____
THE HONORABL
UNITED STATES    S| Levy
EASTERN DISTF